**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| C&M OILFIELD RENTALS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | NO. 4:18-CV-0039DC |
| | ) | |
| LOCATION ILLUMINATOR | ) | |
| TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENVIRONMENTAL SALES & | ) | |
| SERVICE, INC., and ROLAND | ) | |
| "SHORTY" SHELTON, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**LOCATION ILLUMINATOR TECHNOLOGIES, LLC'S MOTION TO STRIKE**
**EVIDENCE ATTACHED TO PLAINTIFF/COUNTER-DEFENDANT'S REPLY IN**
**SUPPORT OF AMENDED MOTION FOR SUMMARY JUDGMENT OF**
**DEFENDANT/THIRD-PARTY PLAINTIFF'S AMENDED COUNTERCLAIMS**

COMES NOW LOCATION ILLUMINATOR TECHNOLOGIES, LLC ("LIT"), and files

this Motion to Strike Evidence Attached to Plaintiff/Counter-Defendant's ("C&M") Reply in

Support of Amended Motion for Summary Judgment of Defendant/Third-Party Plaintiff's

Amended Counterclaims.[1]

---

[1] For simplicity, C&M's Amended Motion for Summary Judgment (ECF No. 97) is hereinafter referred to as the "the Amended MSJ or C&M's Amended MSJ," LIT's Response to the Amended MSJ (ECF No. 103) is hereinafter referred to as "the Response or LIT's Response", and C&M's reply to LIT's Response (ECF No. 108) is hereinafter referred to as "the Reply or C&M's Reply."

**Background**

1.      C&M improperly attached six exhibits to its Reply (labeled A-F) containing additional evidence not attached to its Amended MSJ, including two declarations, and such additional evidence should be struck and not considered in connection with C&M's Amended MSJ. After its original motion for summary judgment was denied as moot by the Court, C&M filed its Amended MSJ on February 11, 2020. C&M attached the evidence it deemed necessary to its Amended MSJ. Importantly, C&M did not attach the declarations of Robert Jackson and Joshua Haaland, which are Exhibits A and B to the Reply, even though those documents were executed months prior to the filing of the Amended MSJ and were attached to C&M's original reply to LIT's original response to C&M's original motion for summary judgment. (*See* ECF No. 63, Ex. A, Ex. B).

2.      LIT filed its Response on March 6, 2020. LIT attached more than ten exhibits in support of its Response to rebut the facts asserted by C&M's Amended MSJ. However, because C&M did not attach the declarations of Robert Jackson and Joshua Haaland, LIT did not have an opportunity to respond to those allegations, and, even worse, Mr. Jackson has never even been disclosed as a witness in this case. LIT also did not have an opportunity to respond to the other evidence attached to the Reply as Exhibits C through F.

3.      C&M filed its Reply on March 23, 2020, to which C&M attached the additional evidence, including the declarations of Robert Jackson and Joshua Haaland. (*See* ECF No. 77-A, 77-B). Importantly, Robert Jackson has never been identified by C&M as a fact witness in this lawsuit, and was not included as a person having knowledge of facts in C&M's required initial disclosures or in answers to interrogatories. (*See* Ex. 1 (Mr. Jackson not listed in C&M's initial disclosures) and Ex. 2 (Mr. Jackson not listed in C&M's answer to interrogatory 12 asking for a

list of C&M representatives who had any contact with LIT)). Attaching evidence to a reply to a motion for summary judgment is improper, as the responding party has no opportunity to respond to such evidence, and attaching testimony of a witness never disclosed in written discovery is even more impermissible.

### Legal Authorities

4.      The Local Rules of this Court allow for evidence to be attached to a dispositive motion, and any response to a dispositive motion, but not to a reply to a response to a dispositive motion. For motions, Local Rule CV-7 (d)(1) states that an appendix may be filed with a motion, and that, if filed, the appendix "must include all affidavits, deposition transcripts, or other documents supporting the relied upon facts." Local Rule CV-7 (d)(1). Similarly, the next section of Local Rule CV-7, which concerns responses to motions, states that a party "opposing a motion shall file a response and supporting documents as then available." Local Rule CV-7 (e)(1). However, the subsequent section, which concerns replies, only states: "A party may file a reply in support of a motion. Absent further leave of court, **no further submissions on the motion are allowed**." Local Rule CV-7 (f)(1) (emphasis added).  The section concerning replies omits the previously used terms "appendix" and "supporting documents," because replies are considered to be the final submission on the motion. As such, new evidence cannot be attached to the reply because the respondent is denied the opportunity to respond.

5.      A motion for summary judgment, including a motion for partial summary judgment, is a dispositive motion. Local Rule CV-7 (c). The Fifth Circuit has held that a moving party is typically not permitted to submit new evidence after its initial summary judgment motion unless the nonmoving party has an opportunity to respond. *United States v. 92,203.00 in United States Currency*, 537 F.3d 504, 507 n.1 (5th Cir. 2008). In *United States v. 92,203.00 in United*

*States Currency,* the Fifth Circuit did not consider evidence provided by the moving party, because the evidence was provided after the initial summary judgment motion, and the nonmoving party did not have an opportunity to respond.  Federal courts in the Northern District of Texas have reached the same conclusion in multiple cases. *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) ("Accordingly, a summary judgment movant may not, as of right, file an appendix in support of his reply brief."); *Springs Indus., Inc., v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) ("[A] reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond."); *Tovar v. United States*, 2000 WL 425170 at *4 n.8, 2000 U.S. Dist. LEXIS 5044 at *14 n.8 (N.D. Tex. Apr. 18, 2000). All exhibits to the Reply are improper, but the declarations of Robert Jackson and Joshua Haaland in particular are clearly new evidence offered to support C&M's position that this Court should grant summary judgment in its favor. As the Reply is considered to be the final submission on the Amended MSJ, the declarations of Robert Jackson and Joshua Haaland must be struck, as well as all paragraphs that cite to them.

6.      The Federal Rules of Civil Procedure require litigants to disclose witnesses and documents that they may offer at trial early on in the proceedings. Fed. R. Civ. P. 26(a)(1)(C). Parties must continually supplement their initial disclosures "in a timely manner." Fed. R. Civ. P. 26(e). Under Rule 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

7.      The declaration of Robert Jackson must be struck on the grounds that he has never been disclosed by C&M as an individual having knowledge of facts or a potential witness. C&M initiated this lawsuit in 2018. It has had more than ample time to identify Robert Jackson as a

person having knowledge of facts, yet has wholly failed to do so. C&M provided its initial disclosures to LIT on October 31, 2018. (*See* Ex. 1). Mr. Jackson was not disclosed. *Id.* C&M has not supplemented its initial disclosures. Furthermore, LIT asked C&M in interrogatories to identify each employee, agent, or representative of C&M who had any contact with LIT regarding any of the matters alleged by C&M in this lawsuit. (*See* Ex. 2, Interrogatory No. 12). C&M did not identify Robert Jackson in its response to that interrogatory. (*Id.*). As a result, LIT has not taken the deposition of Mr. Jackson, which LIT would have taken had he been disclosed. LIT has deposed all other witnesses identified in C&M's answer to Interrogatory 12. Accordingly, the declaration of Robert Jackson must be struck, as well as any paragraphs in C&M's Reply that cite to it.

8.      Ultimately, the declarations of Josh Haaland and Robert Jackson do nothing more than attempt to rebut facts established by the evidence filed by LIT with its Response, which further confirms that fact issues preclude summary judgment in this case. When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Additionally, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000); *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-255 (1986).

9.      The declarations of Robert Jackson and Joshua Haaland are essentially identical. In fact, the fourth paragraph of both declarations is identical, word-for-word. The purpose of both declarations appears to be to rebut facts presented in LIT's Response regarding efforts made by LIT to protect the confidential and proprietary information of LIT's lighting system. LIT

established in its Response that it went to great lengths to keep the confidential and proprietary information of its lighting system secret. (*See e.g.*, ECF No. 103 Ex. 2 at ¶ 2, Ex. 4 at ¶ 2, Ex. 6, Ex. 12 at 38-39, Ex. 15). The declarations of Al Carroll and Erik Prejean go into great detail about the efforts LIT took to maintain the secrecy of its confidential and proprietary information. (*See* ECF No. 103 Ex. 2 at ¶ 2, Ex. 4 at ¶ 2). Moreover, LIT attached to its Response more than 150 pages of confidentiality and non-disclosure agreements it had persons or companies sign prior to receiving access to LIT's confidential and proprietary information. (*See* ECF No. 103 Ex. 15). C&M cannot attempt to contradict LIT's evidence by attaching to its Reply declarations that it has had in its possession since September, 2019, and ask the Court to decide the evidence in its favor. C&M essentially seeks to win this factual dispute now, have the Court weigh the credibility of witnesses in its favor, and decide that C&M should be granted summary judgment as to LIT's counterclaims based solely on C&M's version of the facts.

10.     Based on its previous motions to strike, LIT did not anticipate that C&M would attach evidence to its Reply again. If permitted to rebut the additional evidence attached to C&M's Reply, LIT would present evidence of the specific conditions and persons present during the installations at issue in this case, and would show that oil rig sites are restricted areas not open to the public with limited personnel in attendance, all of whom are typically already bound, directly or indirectly, by a confidentiality and non-disclosure agreement.

## Conclusion

11.     For the foregoing reasons, LIT requests that the Court strike the evidence attached to C&M's Reply, including the declarations of Robert Jackson and Joshua Haaland, and all paragraphs in C&M's reply brief that cite to such evidence, or, alternatively, that LIT be permitted one more submission with an opportunity to present additional evidence responsive to the evidence

attached to C&M's Reply. LIT further prays that C&M's Amended MSJ be denied, and that the

Court grant LIT all other relief at law or equity to which it is justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Box 1977
El Paso, Texas 79999-1977
(915) 532-2000
(915) 541-1597 (fax)
Email: mirazo@mgmsg.com
Email: yancey@mgmsg.com

By: _____

**David M. Mirazo**
TX State Bar No. 24044610
**Garrett J. Yancey**
TX State Bar No. 24093398

Attorneys for Location Illuminator Technologies,
LLC

## **CERTIFICATE OF SERVICE**

I certify that on the 13th day of April, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

> john.petrelli@morganlewis.com
> cullen.pick@morganlewis.com
> John Petrelli
> Cullen Pick
> Morgan, Lewis & Bockius LLP
> 1000 Louisiana, Suite 4000
> Houston, Texas 77002

_____
David M. Mirazo